### ALFRED LOWE v. THE STATE.

#### No. 2579.    Decided October 29, 1902.

**Horse Theft—Kleptomania—Charge.**

Kleptomania is a species of mania—an irresistible impulse to steal. This doctrine of irresistible impulse as a defense has been repudiated in this State, and in cases of theft the court is not required to give a special charge on kleptomania; the "right and wrong" test, as applicable to theft, being sufficient.

Appeal from the District Court of Jackson. Tried below before Hon. Wells Thompson.

Appeal from a conviction of horse theft; penalty, five years imprisonment in the penitentiary.

Dr. C. B. Phillips testified: "I have been a practicing physician for about forty-five years. I am a general practitioner and am not an expert in mental diseases, but in my practice have had some experience in treating such diseases. I have known defendant, Alfred Lowe, since 1873. He is about 40 years old. He is a moral degenerate and in my opinion a dipsomaniac and a kleptomaniac. I base my opinion pro-

fessionally on what I know and also on what I have heard of his doing. He would always take things that did not belong to him. On a number of occasions I have known his brother to return to the owner stolen property. He will promise to pay you and never have any idea of doing it. I do not believe he knows right from wrong. I believe if you were to turn him loose to-night he would steal every horse in town if he had the chance and have no idea he had done anything wrong. I have treated him a number of times for diseases growing out of the excessive use of alcohol. He is what is called a dipsomaniac. Knowing defendant as I do, I would not consider him sane. I consider him insane. He has no lucid intervals. Since I have known him I have never known any good of him. All I know or have heard is bad. I will say he is a moral degenerate, a dipsomaniac and a kleptomaniac."

George Pridgen testified: "I know the defendant. We were boys together. My brother married his sister. I am no physician and know nothing of diseases of the mind. I have always regarded defendant morally irresponsible. He seems to be unable to keep from stealing and drinking. I knew him on one occasion to ride to town, take my brother's horse, and ride him home, leaving his own tied to the rack. From what I know of defendant it is my opinion that he is not responsible for his acts and has never been."

*Guy Mitchell,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment assessed at confinement in the State penitentiary for a term of five years.

The only question presented for our consideration is the action of the court failing and refusing to give a charge on kleptomania; that is a charge specially defining this species of insanity. It is conceded that the court gave a sufficient charge on insanity generally, but that kleptomania is a monomania or particular kind of insanity which should have been specially defined to the jury. In this connection we understand appellant to agree that the right and wrong test is applicable to kleptomania; that is, the disease of insanity must be such as to have deprived appellant at the time of the capacity to distinguish between the right and wrong of the particular act charged, which was theft. If this be conceded, then it would seem to our comprehension that the charge of the court is sufficient, because it lays down the "right and wrong" test as to the particular act charged, and distinctly told the jury, if at the time appellant was so diseased as not to know it was wrong to commit theft, to acquit him. However, we do not understand the definition of "kleptomania" to be as conceded by appellant's counsel. The authorities define "kleptomania" as a species

of mania, consisting of an irresistible impulse to steal. See 1 Cleavenger, Insan., p. 177; 1 Bish. Crim. Law, sec. 388, subdiv. 3. Some of the books, however, regard it as a morbid propensity to steal, whether consciously or unconsciously. If kleptomania is simply an irresistible impulse to steal, regardless of the right and wrong test, then notwithstanding it, was formerly recognized as a defense in theft by the courts of this State (see Looney v. State, 10 Texas Crim. App., 520, 38 Am. Rep., 646; Harris v. State, 18 Texas Crim. App., 287), that doctrine has more recently been repudiated. Hurst v. State, 40 Texas Crim. Rep., 378; Cannon v. State, 41 Texas Crim. Rep., 467. The writer dissented from the views, of the majority of the court in those cases, but such is now the law of this State. So we hold, if the right and wrong test is applicable to kleptomania, the court gave a sufficient charge on the subject. If kleptomania is merely an irresistible impulse to steal, as the authorities seem to indicate, then it is not the law in this State, and the court was not required to give a special charge on that subject.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*